## KENDER'S ADMR. v. N. G. TABER.

**Statute of Limitations — Surety.**

The Statute of Limitations will run in favor of a surety.

APPEAL FROM FLEMING CIRCUIT COURT.

February 26, 1866.

OPINION BY THE COURT:

This appeal is prosecuted by the administrator of J. A. Kender to reverse a judgment which the court rendered on the obligation of N. G. Taber to Kender, dated November 1, 1848, in which he undertook that he and M. Hedrick would pay a certain debt which Kender and Hedrick then owned Levasser & Son; all other questions were continued for further adjudication. The court adjudged that Taber was only surety for Hedrick and released by the Statute of Limitations.

Kender and Hedrick had been mercantile partners, and when Kender sold his interest in the store to Hedrick this debt due Levasser & Son seems to have been the only indebtedness of the firm. Hedrick undertook to discharge the debt; afterward he made an agreement with Taber to become an ostensible partner for the purpose of giving him both a better credit and trade; whether this was before or after the date of this obligation we suppose is of but little consequence because as the debt to Levasser & Son had a prior existence which Hedrick undertook to discharge, his liability to Kender was anterior to the arrangement with Taber, and Taber's ostensible partnership had nothing to do with

the individual credit given his late partner Hedrick, conse-
quently whether Taber's ostensible partnership began before or
after the date of this obligation cannot alter its legal effect. This
statement clearly shows that Taber undertook as surety of Hedrick
that the debt to Levasser & Son should be paid, and not as a prin-
cipal, for it never was the debt of the ostensible firm of Hedrick
& Taber, but the individual obligation of Hedrick which Taber
undertook should be discharged. There is no error in the judg-
ment. Wherefore, it is affirmed.